Your honors, may it please the court. Gabriel Verdugo on behalf of the plaintiff appellant, La Cocina de Oaxaca, LLC. Per the court's order on July 11th, I plan to address the loss of use, ordinance or law, and acts or decisions exclusions in the policies. I'd like to reserve two minutes for rebuttal. Under Washington law, because exclusions are contrary to the fundamental protective purpose of insurance, they cannot be extended beyond their clear and unequivocal meaning. And that's also why exclusions must be strictly construed against the insurer. Tri-State can't show as a matter of law that any of these exclusions apply. Turning first to the loss of use exclusion that states that the insurer will not pay for loss or damage caused by... Sir, could you slow down just a little bit? It's Friday. It's been a long week and I don't want to miss any of your words, but you're going a little too fast for me. Okay. So this exclusion states that the insurer will not pay for loss or damage caused by or resulting from delay, loss of use, or loss of market. And this is at ER 160. The loss of use provision of this exclusion only makes sense if it's limited to barring coverage when there's loss of use of something external to the covered property. And this is for the reasons that the court explained in the Oregon Shakespeare Festival case. And in that example, the policyholder, which was an outdoor theater, suffered a loss when wildfire smoke prevented it from being able to use its and delayed productions of Shakespeare's plays. What do you mean by external? I don't even, I don't understand what that means. Yes, Your Honor. So that it means that if the insured suffers a loss of its covered property to its covered property, and because of that, there's a loss of use, this exclusion wouldn't apply. So if there is, for example, a fire and the fire damages a business's property... But you see, the problem with that is that on your interpretation of what the loss, what the physical loss or damage means, the loss of use itself is that. Well, in our case, Your Honor, as my colleague Mr. Gould explained, the cause is the closure orders, which resulted in a loss of use. Okay. But, I mean, we only get to this issue if you prevail on the physical loss or damage issue, right? That's correct, Your Honor. And if, and the ground on which you would prevail, physical loss or damage, is that the loss of use of the property during, because of this order, was a loss of use, was physical loss or damage. Correct. The closure order caused. Right. So therefore, the loss of use exclusion must mean something else. Yes, Your Honor. And that's what the Oregon Shakespeare Festival implied when it said that there must be something external to the covered, loss of covered property itself. And that's not the order? Oh, I'm sorry. Oh, so yeah, no, Your Honor. So it must be, if the covered loss results in the loss of use of covered property, then the exclusion does not apply. And I think it might be helpful to think through a hypothetical situation where there's something external to the covered property that causes a loss of use. Excuse me, a loss of use of something external to the covered property that would be excluded. So the example, an example might be if you have a dairy farm that produces milk and it has an insurance policy. That is the insured company and the milk itself is an insured, insured property. If the milk farm is waiting for a delivery truck from a purchaser to come and the truck breaks down on the way, the truck is not insured property. But because of that, because of that circumstance, the other property breaking down, the milk spoils. Where would you get this notion from that it has to be that the loss of use is of something external in this fashion? I think that makes sense, Your Honor, within the context of this exclusion. It's not simply excluding loss of use, but it's loss or damage caused by or resulting from delay, loss of use or loss of market. Did you just say a minute ago that the Shakespeare case suggests this interpretation? Suggests the interpretation, yes, that it must be something external. There must be a loss of use that is external to the covered property. It's external in the sense that there's a lot of smoke and so the property is not usable, right? Well, in the Shakespeare festival. And here there is an order and so the property is not usable. You're saying in the Shakespeare case what? Correct. So in the Shakespeare festival case, there was wildfire smoke that damaged the covered property. And in that case, the insurer argued that this loss of use exclusion applied to bar coverage. But the court found no, because there was damage to the covered property that resulted in the loss of use. Because it was the loss of use of the covered property itself, this exclusion did not apply. There would have to be something external. So, for example, in the hypothetical, I was thinking of where... Why does the milk truck help you? Can you go back to the milk truck? Sure. Yeah, so the milk truck. So there's a truck that is not insured property under the policy. It's the dairy farm that has the policy. That's not their truck. Correct. Somebody else's truck. Okay, and it's coming to pick up the milk, but it breaks down and it can't pick up the milk and the milk spoils. Exactly. So in this instance, the insurer has suffered a direct physical loss of or damage to property. The milk is spoiled. But that was caused by something external to that covered property. It was caused by the truck breaking down. Because of that, this exclusion would arguably apply in the second step of coverage analysis under Washington law. And the reason is that there was something external to the covered property that in the loss of use of something external to the covered property that caused the insurer's loss, the insurer's loss of the milk. Frankly, what it seems like is that this loss of use exclusion got left in there after the provisions about that you can recover something for loss of use for business losses and so on was separately put in the policy. And it probably just doesn't mean anything. Your Honor, I think you're correct in that the loss of use exclusion can't mean that if you have a loss of use, if you suffer a loss because you can't use your covered property, that it's excluded. Because that would mean that if you have a fire and then you're not able to use your business property and you suffer a loss of use because of that, you wouldn't be able to recover. Which that's not even the way that the insurance companies interpret this exclusion. The very specific provisions and limited provisions for recovering for loss of use, but they're limited. I mean, you can recover for certain time periods and so on. But so that doesn't seem right. But your provision, your suggestion, which just seems to make something up that isn't there, doesn't seem so useful either. Maybe we just have to admit that it's just anatomism. Yeah, I think that's possible. I think that, but I think the Oregon Shakespeare Festival. That's your strong, that was my next question. This is your strongest authority because you think that case, that case suggests this interpretation. That's your authority. That, that is the primary authority, but I think that's also consistent with the text of the. But it didn't actually apply to anything because it said, in fact, in that instance, the exclusion didn't apply. Yeah, exactly. And that, that's the same conclusion here, which is that. And it never did come up with a hypothetical in which it would apply. Oh, I'm sorry. Could you say that again? Shakespeare Festival case never came up with an example of where it would apply. Correct. It didn't. But I think that also looking, so in addition to this. Actually, there's no precedent in any case in which it's ever been applied. I don't know. I'm not aware of anywhere where it was applied in this type of circumstance. And you started to say the Shakespeare Festival is your authority and also the text of. The text of the exclusion itself. So it's a delay, loss of use or loss of market. And loss of market is something inherently external. Of course, if you are a business and you can't sell your product, this exclusion might apply. Even if in the example of the dairy farm, if your milk spoils because no one buys it, that is a loss of market. And this exclusion arguably would apply to bar coverage. So, Your Honor, moving on to the ordinance or law exclusion, this exclusion doesn't apply either, especially looking at the overall text of the exclusion, which is at page 158 in the excerpts of record. This concerns ordinances or laws that, quote, regulate the construction, use, or repair of any property or requiring the tearing down of any property, including the cost of removing its debris, end quote. The context indicates that this exclusion is limited to ordinances or laws that relate to structural integrity, maintenance, or construction of property rather than implying a broad meaning of the term use. And, Your Honor, as we said in our brief, the Queen City Farms case has an analogous situation where the court was interpreting a pollution exclusion. And it was determining whether the initial deposit of waste into a landfill would be excluded under this pollution exclusion or if it just applied to the seepage of waste from the landfill. And the court looked at the text of the exclusion, which applied to the discharge, dispersal, release, or escape of pollutants. And the court noted actually that the term discharge on its own might encompass acts of disposing waste into the landfill. But the court didn't stop there. It looked at the other terms in the exclusion and found that what they had in common was the notion of an escape or a release from confinement or the dispersal from a fixed place. So the court looked at the context of the exclusion and found, no, considering this together, it doesn't apply. And the same reasoning applies here. There shouldn't seem to have anything to do with construction or repair. Well, Your Honor, considering the terms together, you know, it's possible that this might apply to, you know, the maintenance of property. But I think you make a good point that use is much broader than the other terms of the exclusion. And use can't be interpreted independently. And what would it mean then? Would it mean nothing? Your Honor, it's hard for me to think of an instance where, you know, use would have meaning within that context. But it certainly wouldn't apply here. What about, I mean, what if the argument was focused on the social distancing regulations and a business said, you know, before these orders, I made 100,000 per month. And after these, I make 50,000 per month. And I want insurance to cover the difference because I made less because I could have fewer people in my business. Exclusion apply? Your Honor, no, I don't think the exclusion would apply in that context because it would have to be interpreted in the context of to read out the word use. I don't see a reason that it would apply here. I think that, you know, there may be reasonable constructions of it that would, you know, can be consistent with construction and repair as well as the other. What about a zoning law? And since you can't use this, you're using it for a restaurant and no more restaurants at this location. Your Honor, that may be a closer question to whether that would apply. It's quite parallel to this. No restaurants right now. Well, Your Honor, I think that because, well, actually, let me look back to the other text of this exclusion, which is requiring the tearing down of any property. I think if you read all of those in the context. That's not the same. It's a different one. A different, excuse me? It's a different subset. It's not this subsection. But that's all within the same exclusion. Okay. And I think that, you know, the term use can't be interpreted, you know, without looking to those other terms, which really imply that this is an exclusion that applies to building and land use codes, not more broadly to any law or ordinance that affects the use of buildings. You're relying on the canon of construction, sort of the birds of the feather canon. Correct. But a land use ordinance would be like a zoning ordinance is not a land use ordinance? Your Honor, I think that would depend on the specific ordinance. Okay. No restaurants in this location. Only residential. This is we're rezoning only residential uses. Please close down your restaurant. Your Honor, I'm not sure whether that would apply in this circumstance or not, whether it would fit. But if it if that were excluded because the insurers chose to use this exclusion, including terms pertaining specifically to construction, excuse me, to the construction or repair of property, if that loss were not excluded, then that was up to the insurers to make that clear in the exclusion, which they haven't done. Is that your only argument about this exclusion? No, Your Honor. It's a tough one because you're asking us to read out a word entirely. Well, I think that there may be constructions that would fit where something as broad as the term use could be read. But of course, this is an exclusion. It must be narrowly construed that would also fit with these other terms. And Your Honor, the defendants, I will point out, rely on the Bradley Hotel Court. But in that case, the plaintiffs admitted that use was that the governor's orders constituted a limitation on use. That was not an issue before the court. But we do have another. There is another reason why these orders, the governor's orders, would not fall under this exclusion. And that's that Tri-State has not shown that the proclamations and orders constitute unequivocally, unequivocally and clearly constitute ordinances or laws under the terms of the exclusion. And that's why, because again, the exclusion must be read narrowly. And under a narrow definition of what an ordinance is, it is a municipal, municipal legislative act. And a law is, a definition of a law is a statute. So according to the way that a lay person might interpret an insurance policy, it wouldn't apply to the governor's temporary emergency orders that are at issue in this case. Do you want to save your remaining time? Yes, Your Honor. Just briefly on the acts or decisions exclusion, Tri-State's interpretation is extraordinarily broad. And this has been called out by a judge in the Western District of Washington in the Mettler v. Safeco case. That judge said this provision appears to be overly broad, ambiguous, irreconcilable with other provisions, and the very concept of an all-risk insurance policy. So just briefly, if this exclusion were interpreted as Tri-State suggests, it would bar essentially any act of negligence from coverage. But with that, I'll reserve my remaining time. Okay. We'll hear from the opposing counsel, please. Good morning, and may it please the court. My name is John O'Connor, and I represent Tri-State Insurance Company of Minnesota. I want to start with the question that Judge Kristen posed at the beginning, which is, should the court decide this now, or should it wait for Hill and Stout? That's obviously a matter within the court's discretion, and I'm not here to tell the court that you necessarily should decide it before Hill and Stout. But I will say this, if the court's order on oral argument asked that we focus on three exclusions, loss of use, ordinance or law, acts or decisions that are not at issue in Hill and Stout. Well, that's right. But obviously, we wouldn't decide them unless there was coverage. Well, Your Honor, that's right. Well, that might be right. If Hill and Stout joins the long list of courts that have said loss of use is not direct physical loss or direct physical damage, then this court's decision may be a one-sentence, see Hill and Stout at the end. Court could go further and say, as several other courts have done, and say, there's also additional reasons why this is not covered, but that's up to the court. But if Hill and Stout or this court were to buck the clear trend of all of these appellate courts and say, we think loss of use is one flavor of direct physical loss, then the exclusions that I'm here to talk about are going to say, well, that flavor is not covered by this policy because it's clearly excluded. So what are the best arguments you've got on these exclusions, sir? Well, Your Honor, I want to start with La Casina's complaint specifically alleges that the reason that it temporarily closed and then restricted its use of the restaurant to take out only was due to Proclamation 20-13, which is Governor Inslee's declaration of a state of emergency. La Casina does not allege that there was ever any virus on the premises. And so we start with the loss of use exclusion. That exclusion says that the policy bars coverage. I don't understand how that exclusion just doesn't blow up of its own accord. I mean, it doesn't mean anything. Because unless, are you arguing that if, in fact, they were right about the physical loss or damage that it covers a loss of use, that the loss of use exclusion now eliminates it? That's right, Your Honor. It certainly does that. It does more, but it does that. The policy is intended to cover direct physical loss. Well, I understand that. But the premise here is that they do have coverage or else you wouldn't be getting to the exclusion. So your argument has to be that even if it is coverage, the loss of use excludes it. Well, Your Honor, the court would begin by looking at the insuring agreement and saying, is this claim within it? And if the court looked at the insuring agreement and said, you know, I think a loss of use can be within the definition of direct physical loss. We don't think that's the right construction, and virtually all courts have agreed with us. But if that's what the court concluded, then the next step would be, is this excluded by anything? And say, well, that is one flavor of direct physical loss. What did also then exclude the provisions of the contract of the policy that specifically do cover loss of use, i.e., if there's physical damage and then there's loss of use, it would exclude that too? No, Your Honor, not at all. And in fact, the Seventh Circuit dealt with this in Bradley Hotel. And in that case, the court explained... Not very coherently, in my view. It seemed coherent to me, Your Honor. And what the court said in Bradley Hotel was, in other words, the exclusion is triggered only when loss of use is the alleged cause of loss, not when it is the result of a cause of loss. I'm going to back up and say that again. Just take a clean run on this. So we're back to, if we've got coverage, then we get to your exclusion and your best interpretation of this is what? Are you going to adopt the Seventh Circuit's reasoning? Is that what you're telling us? The Seventh Circuit's reasoning is that there is cover... So I know what the Seventh Circuit's reasoning is. I don't mean to stop you, but is that your position, that they're right and we should adopt that? Yes. All right. If there's a covered cause of loss that leads to a loss of use, the Seventh Circuit said that's not covered. But if there's a loss of use that leads to economic loss, that is excluded by the policy. And that's what Bradley Hotel said. And the appellant's counsel talked about Oregon Shakespeare. That's a case that was decided at the district court level by the magistrate judge there, was vacated by agreement of the parties. That case had the court there held that the presence of the smoke, the soot, and the ash was a direct physical loss or direct physical damage to the property because it was present on the premises. That's not the case here. No, but you see, that's the problem. You keep walking your way out of the coverage. We have to assume for present purposes that it is the case here. Because you're the exclusion guy, right? I'm the exclusion guy, Your Honor, but we have to start with, is there a direct physical loss or direct physical damage? Right. And the premise has to be that there is, or else you wouldn't be looking at the exclusion. Right, Your Honor. But if the court's conclusion is that the direct physical loss is a loss of use, that one is excluded. I mean, you're calling it loss of use, but their premise is that it's physical damage. We'll take my hypothetical about the barrier at the door. I mean, if there was a barrier at the door, then what? A barrier at the door, not direct physical loss or direct physical damage, Your Honor. Your position is going to be, if we put the barricade back up, your position is there's no coverage in the first place. That's right. And if the court were to say, yeah, well, we disagree with you, Mr. O'Connor. Okay, so let's say we disagree, then what? If the court disagrees and says, we think that within direct physical loss can include a loss of use. But you're saying, you're calling it loss of use. They're calling it physical loss or damage. But the nature of it is a loss of use. They're unable to use the property as they would like to use it. And that's how they have cast it in their briefs. So they are sufficiently dispossessed of it in order, right, in order for there to be coverage under this, under our hypothetical. Then what? Well, if the court concludes that there is a physical dispossession, forget about loss of use, that you have physically been dispossessed of this property, then I think the loss of use exclusion does not apply. Because then you would have a covered cause of loss that led to a suspension of operations. And that's their premise. So that's why the loss of use exclusion seems to me to disappear in either case. Because if there is coverage, then there is physical loss or damage, which and the loss of use shouldn't apply. If there isn't, if physical loss or damage isn't here, then it doesn't matter whether there is a loss of use. So I just don't see the utility of this exclusion. Well, Your Honor, in Judge Kristen's example, the court concluded not that a mere loss of use was direct physical loss, but that you've been permanently dispossessed of possession of your property long enough that that's a direct physical loss. And if that's the case, then, but of course, there's been no physical dispossession. It doesn't have to be permanently. I mean, in fact, we know it's not permanently because the policy provides for restoration. I said sufficiently. Agreed. Whatever that, as I was talking to a previous counsel a minute ago, there's a spectrum. So let's just say that there's a point at which, you know, at some point the duration of the dispossession is sufficient and there's coverage is what I'm trying to get at. That the loss of use exclusion would not apply, but there's been no dispossession here. They've always had possession of their property. I understand the court's hypothetical to test the boundaries, but there's been no dispossession here. I would like to turn to ordinance or law, if I could. That exclusion applies to loss or damage caused by the enforcement of or compliance with any ordinance or law. I want to start with what I viewed as La Casina's main argument in its brief, which was, this is not an ordinance or law, and it's just a governor's order. And I think that's asking the wrong question because Washington statutory law authorized Governor Inslee to declare a state of emergency. And in Bradley Hotel, the court looked at that and said, that is sufficient. There can be an esoteric question of what is law, what is ordinance, but when a statute expressly allows for the executive action, that that's good enough. But that's not as far as the Washington statute goes. The Washington statute goes a step farther. The Washington statute, which is Washington code section 43.06.220, specifically requires compliance with the terms of a declaration of state of emergency by the governor. And it says, any person willfully violating any provision of an order issued by the governor under this section is guilty of a gross misdemeanor. So a statute requires compliance with Governor Inslee's orders and criminalizes a willful noncompliance with Governor Inslee's orders. So under any analysis, what has happened here is if La Casina were to violate Governor Inslee's orders, they violated Washington statute and would be guilty of a gross misdemeanor. That's their first argument that it's not a law, but what's their second argument? The second argument was that they want to read use out of the policy. And I don't think that's fair. I mean, use is not a construction term. If you look in context, the entire language of the exclusion, it basically deals with the life cycle of property. It deals with construction. It deals with use. It deals with repair and it deals with destruction. It deals with all of those, the whole life cycle. And use is use. I don't think we, you know, I don't think it's permissible to graft on some requirement that it has to be very, the use has to be very narrow. It has to be given a fair construction. And what the governor's orders backed by statute clearly did here was they restricted the use of La Casina's restaurant. They could not have in-house dining. They could serve takeout. They could have a poker game. They could use it for storage, but they could not have, there was one use that they were not allowed to have, and that's clearly excluded by the ordinance or law exclusion. Same analysis that Bradley Hotel went through, that this is just, it's just not covered by the policy. And then finally, acts or decisions. The acts or decisions exclusion states that excludes coverage for acts or decisions, including the failure to act or decide of any person, group, organization, or government body. The appellants say, well, that's just too broad. It can't be enforced because it's just overly broad. The argument is that your client's interpretation would make the policy illusory. It just swallows the whole darn thing. And it would not, Your Honor. And the reason is that there's important limitations on the scope of the acts or decisions exclusion that are right in the policy. The most important one, I would say, is that the acts or decision exclusion only applies when the act or decision is the efficient proximate cause of the loss. I mean, the policy specifically says that the acts or decision is only applicable if it's either the sole cause of the loss or one that quote, initiates a sequence of events that doesn't have anything to do with the definition of a limitation of acts and exclusions. It's really just all your money is on causation. Well, for acts or decisions, sure. Is this caused by an act or decision? Well, they pleaded right into that because in paragraph 29 of the complaint, which is page 175 of the record excerpts, they allege plaintiff closed his that the cause of their closure was the act or decision of Governor Inslee in ordering. I think the preparatory language says, but if an excluded cause of loss that is listed in 3B, including 3B, results in a covered cause of loss, we will pay for the loss or damage caused by that covered cause of loss. Right? That's the other important limitation on the scope of the Yes, Your Honor. That's an ensuing loss. But why doesn't that mean again, if there is coverage, then there is a covered cause of loss and they'll pay for the loss or damage caused by that covered cause of loss. Your Honor, if the cause of the loss is as plaintiff alleged, the act or decision of Governor Inslee, that is an excluded cause of loss. If nonetheless, there were a subsequent direct physical loss of or damage to property. Their argument that there was, and we will only get here if there was. But they can say there was, Your Honor, but they've not alleged facts establishing that there was. But then you're fighting with the physical loss or damage again. No, Your Honor, because the act or decision's exclusion excludes coverage and their argument that it would be, that there would be an ensuing covered cause of loss is that. I'm very confused. It is very confusing, but their argument is that the ensuing cause of loss is that they weren't able to use their restrooms. The excluded cause of loss, i.e., you're saying an act or decision, this order, resulted in a covered cause of loss, that is the physical loss or damage. And you disagree with that, but we have to assume for present purposes that they're right about that, right? No, Your Honor, because they're out of the exclusion. They would have to describe a, Your Honor, I see my time is up. Can I answer Your facts showing that a direct physical loss of or damage to property came as a result of the act or decision? And that's exactly what they're alleging with regard to the coverage issue. All they've alleged is economic loss flowing from. Because that's, you don't believe that there's a physical loss or damage, but if we concluded there was a physical loss or damage, then they'd be outside this exclusion. No, Your Honor, we disagree with that because the exclusions only apply when there is a direct physical loss of or damage or else they're irrelevant. And so the purpose of the act or decisions exclusion is to exclude decisions when the efficient proximate cause of the economic loss is a decision made by a government body or other person, not when it's a direct physical alteration of property. I see my time is up. I thank the court for its time. And we ask that the court, when it rules on this appeal, affirm the decision of Judge Rothstein. Thank you. Thank you. Would you put a minute on the clock, Stacy? Thank you. Thank you, Your Honor. I know my time is brief. So I just wanted to mention in response to one counsel was referring to the statute behind that gave the governor authority to enact these orders. That's not what we are alleging is the cause of this loss, not that that statute itself. It was the closure orders that caused the loss. But with that, Your Honor, I just wanted to wrap up unless you have any further further questions for me. We would ask the court to conclude that the executive order by the president is not a law. Your Honor, it would have to be a law or ordinance as interpreted by a layman and a law, the reasonable construction of the word law as a statute. I think if you asked a bunch of laymen on the street, whether I if the president says you have to do something, is that a law? They'd say yes. Well, Your Honor, I would say I would contend that one, you have to ask that the average layman on the street, but you also have to give the broadest construction that's favorable to or strictly construe the exclusion because this is an exclusionary clause in a statute that must be construed in favor of coverage. And now with that, you can go to jail if you don't, right? Your Honor, but looking at the narrow construction that would apply, we think yes, it would be either a statute or in the case of ordinance, a municipal municipal law. You wanted an opportunity to wrap up. This is it. Thank you, Your Honor. We would ask the court to conclude that none of these exclusions apply to bar coverage, that a tri-state cannot show that as a matter of law. And we would ask the court to return. But just to clarify, you don't think we should be deciding these issues either until the Washington Supreme Court? That's correct. Okay. Any more questions? No? All right. Thank you all for your arguments. We appreciate it very much. And we'll take this case under advisement.
judges: BERZON, CHRISTEN, FORREST